UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

BRANDI M.,

              Plaintiff,

v.                                                                      5:21-CV-0435
                                                                        (ML)
COMMISSIONER OF SOCIAL
SECURITY,

              Defendant.

---

APPEARANCES:                                        OF COUNSEL:

OLINSKY LAW GROUP                                   CHRISTOPHER MILLIMAN, ESQ.
  Counsel for the Plaintiff
250 South Clinton Street - Suite 210
Syracuse, New York 13202

SOCIAL SECURITY ADMINISTRATION                      NATASHA OELTJEN, ESQ.
  Counsel for the Defendant                         Special Assistant U.S. Attorney
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, Massachusetts 02203

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER

      Currently pending before the Court in this action, in which Plaintiff seeks judicial review

of an adverse administrative determination by the Commissioner of Social Security, pursuant to

42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1]  Oral argument was heard

---

[1]      This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18.  Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

in connection with those motions on September 26, 2022, during a telephone conference conducted on the record.  At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination was supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by Plaintiff in this appeal.

After due deliberation, and based upon the Court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is

**ORDERED** as follows:

1)    Plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is DENIED.

2)    Defendant's motion for judgment on the pleadings (Dkt. No. 15) is GRANTED.

3)    The Commissioner's decision denying Plaintiff Social Security benefits is AFFIRMED.

4)    Plaintiff's Complaint (Dkt. No. 1) is DISMISSED.

5)    The Clerk of Court is respectfully directed to enter judgment, based upon this determination, DISMISSING Plaintiff's Complaint in its entirety and closing this case.

Dated: September 27, 2022
         Binghamton, New York

_____
Miroslav Lovric
United States Magistrate Judge
Northern District of New York

2

1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK
_____

M

vs.                                5:21-CV-0435

COMMISSIONER OF SOCIAL SECURITY


_____




DECISION AND ORDER


September 26, 2022


The HONORABLE MIROSLAV LOVRIC,

DISTRICT MAGISTRATE JUDGE




A P P E A R A N C E S


For Plaintiff:      CHRISTOPHER MILLIMAN, ESQ.


For Defendant:      NATASHA OELTJEN, ESQ.


*Ruth I. Lynch, RPR, RMR, NYSRCR*
*Official United States Court Reporter*
*Binghamton, New York  13901*

1        THE COURT:  All right, the Court's going to begin

2   its analysis and decision as follows:  Plaintiff has

3   commenced this proceeding pursuant to Title 42 United States

4   Code Section 405(g) to challenge the adverse determination

5   by the Commissioner of Social Security finding that she was

6   not disabled at the relevant times and therefore ineligible

7   for the benefits that she sought.

8        By way of background, the Court notes as follows:

9   Plaintiff was born in 1981.  She is currently approximately

10  41 years of age.  She was approximately 36 years old on

11  August 1, 2018, the alleged onset date.  Plaintiff lives

12  with her mother and minor child.  Plaintiff is approximately

13  5 feet 3 inches in height and weighs approximately 160

14  pounds.  Plaintiff has a GED and can communicate in English.

15       By way of procedure, the Court notes the following

16  history of this case:  Plaintiff applied for Title II

17  benefits on September 10, 2018, alleging disability

18  beginning on August 1 of 2018.  Administrative Law Judge

19  Peter Jung conducted a hearing on March 11, 2020, to address

20  plaintiff's application for benefits.  ALJ Jung issued an

21  unfavorable decision on March 30th of 2020.  That became a

22  final determination of the agency on February 12th, 2021,

23  when the Social Security Administration Appeals Council

24  denied plaintiff's application for review.  This action was

25  commenced on April 16, 2021, and it is timely.

1          Now, in his decision, ALJ Jung applied the

2    familiar five-step test for determining

3    disability.

4          At step one, the ALJ concluded that plaintiff had

5    not engaged in substantial gainful activity since August 1

6    of 2018, the alleged onset date.

7          At step two, the ALJ concluded that plaintiff

8    suffers from the following severe impairments:  Major

9    depressive disorder, generalized anxiety disorder, and

10   alcohol use disorder.  The ALJ also considered plaintiff's

11   nonsevere impairments including gastroesophageal reflux

12   disorder, hepatomegaly, hyperlipidemia, hyperglycemia, and

13   obesity.

14         At step three, ALJ Jung concluded that plaintiff's

15   conditions do not meet or medically equal any of the listed

16   presumptively disabling conditions set forth in the

17   Commissioner's regulations, and the ALJ focused on the

18   following listings:  Listing 12.04, which deals with

19   depressive, bipolar, and related disorders; listing 12.06,

20   dealing with anxiety and obsessive compulsive disorders.

21   When considering the paragraph B criteria, the ALJ concluded

22   that plaintiff had moderate limitations in each of the four

23   functional areas.  In addition, the ALJ concluded that the

24   evidence failed to establish paragraph C criteria.

25         Next, the ALJ next determined that plaintiff

1    retains the residual functional capacity to perform a full

2    range of work at all exertional levels but with the

3    nonexertional limitations of performance of simple,

4    repetitive, routine tasks with no -- no supervisory duties.

5    The ALJ also concluded plaintiff is limited to making simple

6    work-related decision and is limited to tolerating few,

7    infrequent changes in a routine work setting.  The ALJ also

8    concluded that plaintiff can occasionally interact with

9    supervisors and coworkers but can never interact with the

10   public.

11          At step four, the ALJ concluded that plaintiff is

12   unable to perform any past relevant work as an

13   administrative/general office clerk.

14          At step five, the ALJ concluded that based on the

15   testimony of the vocational expert and considering

16   plaintiff's age, education, work experience, and RFC that

17   there are jobs that exist in significant numbers in the

18   national economy that plaintiff can perform.  More

19   specifically, and the vocational expert testified that

20   plaintiff could perform the requirements of representative

21   occupations including folder, marker, and garment sorter.

22   As a result, the ALJ concluded that plaintiff had not been

23   under a disability as defined in the Social Security Act

24   from August 1, 2018 through the date of the ALJ's decision.

25          Now, as the parties know, this Court's functional

5

1   role in this case is limited and extremely deferential.  I

2   must determine whether correct legal principles were applied

3   and whether the determination is supported by substantial

4   evidence, defined as such relevant evidence as a reasonable

5   mind would find sufficient to support a conclusion.  As the

6   Second Circuit noted in Brault V. Social Security

7   Administration Commissioner, found at 683 F.3d 443, a 2012

8   case, the Circuit therein stated this standard is demanding,

9   more so than the clearly erroneous standard.  The Second

10  Circuit noted in Brault that once there is a finding of

11  fact, that fact can be rejected only if a reasonable

12  fact-finder would have to conclude otherwise.

13          Now, on appeal before this Court, the plaintiff

14  raises one contention.  The plaintiff argues that the ALJ's

15  RFC determination is unsupported by substantial evidence

16  because the ALJ failed to properly evaluate the opinions of

17  Dr. Grassl and NPP Blum.

18          The Court begins its analysis as follows:  For the

19  reasons set forth in defendant's brief, I find that

20  substantial evidence supports the ALJ's evaluation of the

21  medical opinions.

22          With respect to the opinion of Dr. Grassl, the

23  Court notes as follows:  And as defendant highlighted,

24  Dr. Gassl submitted two separate questionnaires regarding

25  plaintiff's functioning on the same date; on May 20th of

1   2019.   Compare docket number 11 at 243 to 246, transcript

2   page 240 to 243, compare -- compare that questionnaire with

3   docket number 11 at 247 to 249, transcript pages 244 to 246.

4   These opinions conflicted with one another.  In one opinion

5   Dr. Grassl opined that plaintiff had a marked limitation in

6   her ability to sustain concentration and perform a task at a

7   consistent pace; to sustain an ordinary routine and regular

8   attendance at work; and regulate emotions, control behavior,

9   and maintain well-being.  This opinion of Dr. Grassl can be

10  found at docket 11 at 245, transcript page 242.  In the

11  other opinion Dr. Grassl opined that plaintiff had no

12  impairment affecting the ability to concentrate, persist, or

13  maintain pace, and the ability to adapt or manage herself.

14  See docket number 11 at 248, transcript page 245.  In

15  addition, Dr. Grassl's examination of plaintiff showed

16  plaintiff's attention and concentration intact.  See docket

17  number 11 at 244, transcript pages -- page 241.  Moreover,

18  Dr. Grassl's examination showed a cooperative demeanor,

19  appropriate dress, well-groomed personal hygiene, and a

20  coherent and goal-directed thought process, and which

21  diverge from a marked limitation in plaintiff's ability to

22  regulate emotions, control behavior, or maintain her

23  well-being.

24          The Court also notes further, as defendant

25  discussed in her brief, although plaintiff's mood

1   fluctuated, she consistently exhibited calm or normal

2   behavior, normal speech, and good judgment.

3          The ALJ did not err in considering Dr. Grassl's

4   examination findings when evaluating her opinion.  As

5   defendants set forth, the Second Circuit's analysis in

6   Stacey centered around the treating source rule, which is

7   not applicable in this case.

8          With respect to the opinion of Dr. Blum, as the

9   ALJ noted, Mr. Blum identified a host of symptoms that

10  plaintiff purportedly experienced such as suicidal thoughts,

11  but the records indicate that plaintiff routinely denied

12  suicidal thoughts.  The ALJ also noted that plaintiff had

13  only been seen nine times by any mental health treatment

14  provider since her alleged disability onset date in August

15  of 2018.

16         This Court notes that although plaintiff was

17  hospitalized for suicidal thoughts at some point, that

18  occurred before the alleged onset date.

19         Despite some evidence in the record which may

20  support plaintiff's contentions, substantial evidence

21  supports the ALJ's conclusion that Mr. Blum's opinion, which

22  contained severe limitations, was unsupported and

23  inconsistent with the record as a whole.

24         With respect to the opinion of Dr. Hennessey, the

25  Court notes, and as defendants set forth, quote, the

1    critical question is whether the Social Security

2    Administration would still find the claimant disabled if she

3    stopped using drugs or alcohol, end quote.  See Cage versus

4    Commissioner of Social Security, that's found at 692 F.3d

5    118, page 123, and that's a Second Circuit 2012 case, and

6    therein the Second Circuit quoting 20 CFR Section

7    416.935(b)(1).  In making a determination, the ALJ first

8    determines whether physical and mental limitations would

9    remain if the plaintiff stopped using drugs or alcohol, and

10   if so, whether those remaining limitations are disabling on

11   their own.  See case Tyler M. V. Saul, 19-CV-0426, that can

12   be found at 2020 West Law 5258344 at page 4.  And that's a

13   Northern District New York September 3rd, 2020 case issued

14   by Magistrate Judge Hummel, and therein Judge Hummel citing

15   20 CFR sections 404.153(b)(2), also citing 416.935(b)(2).

16   And, quote, if not, the substance abuse is considered

17   material and the plaintiff is not eligible for benefits

18   under the Social Security Act, end quote.  See again

19   Tyler M., 2020 West Law 5258344 at page 4, and again citing

20   20 CFR Sections 404.1535(b)(2)(i), and also Section

21   416.935(b)(2)(i).

22           Dr. Hennessey's opined limitations were within one

23   year of plaintiff's alleged onset date based on the

24   assumptions that plaintiff continue with the outpatient

25   treatment and maintain sobriety.  Contrary to plaintiff's

1    contention that Dr. Hennessey's opinion was speculative, the

2    ALJ was required to consider what plaintiff's limitations

3    would be if she abstained from alcohol.  Moreover, only

4    impairments that last or are expected to last for a

5    continuous period of at least 12 months can be found

6    disabling, whereas Dr. Hennessey opined that plaintiff could

7    have no more than moderate limitations within one year of

8    her alleged onset date.

9           Finally, I find that for the reasons set forth in

10   defendant's brief, the ALJ did not err in assessing an RFC

11   that contained more limitations than those opined by

12   Dr. Hennessey, despite the fact that the RFC did not match

13   any single medical opinion.

14          Based upon this analysis, I therefore conclude

15   plaintiff's motion for judgment on the pleadings is denied.

16   Defendant's motion for judgment on the pleadings is granted.

17   Plaintiff's complaint is hereby dismissed.  And the

18   Commissioner's decision denying plaintiff benefits is

19   hereby affirmed.

20          This constitutes the analysis and decision of this

21   Court.

22                          - - - - -

23

24

25